IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 06-cv-01211-LTB

IN RE:

LARRY RUCKARD and
MARITESS RUCKARD,

        Debtors.

LARRY RUCKARD and
MARITESS RUCKARD,

        Appellants,
v.

JEFFREY L. HILL, Chapter 7 Trustee,

        Appellee.
_____

ORDER
_____

      Appellants Larry Ruckard and Maritess Ruckard (the "Ruckards") appeal the United States Bankruptcy Court for the District of Colorado's Order on Trustee's Limited Objection to Claim of Exemption dated June 14, 2006 (the "Order") wherein the bankruptcy court sustained the bankruptcy trustee's (the "Trustee") objection to an exemption that Larry Ruckard claimed in a 1999 Honda CRV (the "Vehicle").  Oral argument would not materially assist in determination of this appeal.  After full consideration of the record and the parties' briefs, I reverse and remand the case to the bankruptcy court with direction to allow the $3,000 exemption that Larry Ruckard claimed in the Vehicle.

## I. Jurisdiction

Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from the "final judgments, orders and decrees ... of bankruptcy judges entered in cases and proceedings referred to ... bankruptcy judges ...." On June 14, 2006, the bankruptcy court entered final judgment in favor of the Trustee in accordance with the Order. This Court therefore has jurisdiction over the Ruckard's appeal.

## II. Background

On September 6, 2005, the Ruckards jointly filed a Chapter 7 bankruptcy petition. On their related schedules, the Ruckards listed the Vehicle as an asset with a market value of $5,875. Each of the Ruckards then claimed a $3,000 exemption in the Vehicle pursuant to C.R.S. § 13-54-102(1)(j)(I), which authorizes an exemption of up to $3,000 for one or more motor vehicles "kept and used" by a debtor.

The Trustee objected to the exemption claimed by Larry Ruckard in the Vehicle on the basis that Maritess Ruckard is the only owner listed on its certificate of title. In response, the Ruckards filed an affidavit stating that each of them uses the Vehicle on a regular basis. The Trustee does not dispute the accuracy of this sworn statement. The issue before this Court on appeal is therefore the proper interpretation of the phrase "kept and used" as set forth in C.R.S. § 13-54-102(1)(j)(I).

## III. Standard of Review

In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify or remand the bankruptcy court's ruling. Fed. Bankr. R. 8013. Factual findings are reviewed under the clearly erroneous standard while

conclusions of law are reviewed *de novo*.  *See Sender v. Johnson*, 84 F.3d 1267, 1268 (10th Cir.1996); *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir.1988).

### IV. Analysis

As a preliminary matter, I note that the Ruckards have requested, in part, that I certify the question of the proper interpretation of the language set forth in C.R.S. § 13-54-102(1)(j)(I) to the Colorado Supreme Court pursuant to Colorado Appellate Rule 21.1.  Although the Colorado state courts have yet to directly address this issue, I am not persuaded that it warrants certification in view of other guiding legal principles.  The Ruckards' request for certification is therefore denied, and I will proceed to analyze the merits of their appeal.

On its face, C.R.S. § 13-54-102(1)(j)(I) does not require ownership as a prerequisite to taking the vehicle exemption provided for therein.  Rather, this statute provides an exemption for vehicles *"kept and used by any debtor."*  This choice of language is telling because in other subsections of Section 13-54-102 ownership is an express requirement.  See C.R.S. § 13-54-102(1)(e) & (h.5) (creating exemptions for household goods *"owned and used by the debtor"* and military equipment *"personally owned"* by members of the National Guard, respectively).

In construing Colorado statutes, the task of the courts is to ascertain and give effect to the intent of the General Assembly. *People v. Dist. Court, Second Judicial Dist.,* 713 P.2d 918, 921 (Colo. 1986).  In determining this intent, a statute must be read and considered as a whole, and interpreted so as to give consistent, harmonious, and sensible effect to all of its parts, if at all possible. *Id.*  Application of these principles here leads to the conclusion that the legislature's use of the phrase "kept and used" in the vehicle exemption provision in contrast to the ownership language used in other exemption provisions has legal significance.  That is, ownership of a motor

vehicle kept and used by a debtor is not a prerequisite to taking the exemption provided in C.R.S. § 13-54-102(1)(j)(I). This conclusion is further supported by the liberal construction that is afforded to exemption statutes under Colorado law. *See Sandberg v. Borstadt,* 48 Colo. 96, 99, 109 P. 419, 420 (1910).

In reaching a contrary conclusion, the bankruptcy court relied largely on *In re Lampe,* 278 B.R. 205, 213 (10th Cir. BAP 2002), *aff'd* 331 F.3d 750 (10th Cir. 2003). The analysis set forth in this case, however, is irrelevant to the issue presented in this appeal for a number of reasons. Most importantly, *Lampe* involved the tools of trade exemption provided for in the statutes of the state of Kansas. Kansas's exemption statute, K.S. § 60-2304, does not contain language similar to that at issue here. Moreover, as noted by the bankruptcy court, the court's statement in *Lampe* that ownership of the personal property claimed as exempt is implied in the Kansas exemption statute was dicta because the debtors did not contend that ownership was not required under the tools of trade exemption.

Slightly more problematic to my conclusion that ownership of a vehicle is not a prerequisite to claiming the exemption provided for in C.R.S. § 13-54-102(1)(j)(I) is the general proposition recognized by Colorado bankruptcy courts that a debtor must have an ownership interest in property claimed as exempt. *See In re Reeder,* 60 B.R. 312, 314 (Bankr. D. Colo. 1986) ("... it is basic to any right of exemption that the debtor have an ownership interest in the property claimed as exempt"). This proposition must, however, yield to the legislature's intent to recognize interests in vehicles other than ownership under C.R.S. § 13-54-102(1)(j)(I) as evidenced by the language set forth in the exemption statute.

Having concluded that ownership is not a prerequisite to claiming the vehicle exemption

set forth in C.R.S. § 13-54-102(1)(j)(I), it is unnecessary for me to consider the Ruckards' alternative argument that Larry Ruckard has an equitable ownership interest in the Vehicle.

IT IS THEREFORE ORDERED as follows:

1. The United States Bankruptcy Court for the District of Colorado's Order on Trustee's Limited Objection to Claim of Exemption and Judgment dated June 14, 2006 are REVERSED; and

2. The case is REMANDED with direction to allow the $3,000 exemption that Larry Ruckard claimed in the 1999 Honda CRV.

Dated: October  18 , 2006 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE